PER CURIAM.
Upon a conditional guilty plea for consent judgment and a Petition to Approve Conditional Guilty Plea for Consent Judgment filed by The Florida Bar this Court appointed a referee to conduct a hearing regarding Diaz-Silveira’s alleged misconduct. Diaz-Silveira’s conditional guilty plea for consent judgment, * acknowledges his violation of article XI, Rule 11.02(4), Disciplinary Rule 9-102(A) and Bylaws Section 11.02(4)(c). The referee recommended that Diaz-Silveira be found guilty in accordance with his conditional plea and that he be given a public reprimand and be placed on probation for three years with conditions.
Neither side contests the referee’s report which we hereby adopt. Publication of this opinion in Southern Reporter will serve as the public reprimand, and Frank Diaz-Silveira is placed on probation for three years, effective thirty days from the filing of this opinion, with the following conditions:
1. That for a three-year probationary period, Diaz-Silveira shall be required to engage the professional services of a certified public accountant to prepare monthly reconciliations of both his trust account and his trust account bank statement;
2. That during this period of time, Diaz-Silveira will be charged with the responsi *563 bility of providing same to Staff Counsel of The Florida Bar (or his designee) within thirty days of the close of each month; all such reconciliations shall be certified by the certified public accountant as to both accuracy and validity;
3. That absent good cause shown (as determined solely and exclusively by Grievance Committee “B” of the Eleventh Judicial Circuit), should Diaz-Silveira fail to timely provide Staff Counsel (or his desig-nee) the above-described reconciliations, upon filing of an appropriate pleading with this Court by the Grievance Committee, Diaz-Silveira shall be deemed to have consented to the entry of an Order by this Court effecting his immediate suspension from the practice of law until such time as he shall be deemed by competent authority to have remedied his contemptuous conduct;
4. That should it be demonstrated by competent evidence that Diaz-Silveira is not in substantial compliance with the trust accounting requirements mandated by the Integration Rule of The Florida Bar and the applicable disciplinary rules of the Code of Professional Responsibility, then after notice and hearing before the Grievance Committee, and upon the Committee’s filing an appropriate pleading with this court, Diaz-Silveira shall be deemed to have consented to the entry of an Order by this Court effecting his immediate suspension from the practice of law for a period of not less than one year; provided, however, that nothing in this provision shall estop The Florida Bar from later petitioning this Court and requesting the imposition of a more severe form of discipline; and
5. That Diaz-Silveira shall bear all expenses and costs incurred by The Florida Bar as a result of the instant investigation and disciplinary proceedings. In light of Diaz-Silveira’s present financial situation, he shall be permitted to retire these costs through the establishment of a periodic payment schedule, the terms of which to be negotiated by and between his counsel and the Director of Lawyer Regulation. Lawful interest shall accrue on any unpaid bal-anee after thirty days of the filing of this opinion.
Judgment for costs in the amount of $6,576.19 is hereby entered against Diaz-Silveira, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.

 We feel it unnecessary to publish the full text of the plea. The Court file is open for inspection.